IN RE HOLLINGSWORTH.

[Cite as In re Hollingsworth, 15 Ohio Misc. 196.]

(No. 39382—Decided April 8, 1968.)

United States District Court for the Southern District of Ohio, Eastern Division.

*Mr. Daniel F. Carmack,* for Mr. C. William Malone, Trustee in Bankruptcy for Ross B. Hollingsworth, Jr.
*Mr. Gene W. Thompson,* for Columbus Finance, Inc.

KELLEHER, Referee in Bankruptcy. This cause came on for consideration upon an application filed by the trustee herein on December 7, 1966 by which he seeks an order requiring Columbus Finance, Inc., to refund to him for the benefit of this estate the sum of $6,800. A trial has been held, evidence received and briefs have been filed.

The controversy arose out of the sale of real estate and disposition of the sale proceeds. The sequence of events is important to determination of the matter.

On June 4, 1965 Columbus Finance, Inc., loaned to Ross B. Hollingsworth $6,500 evidenced by a demand note

with interest at 8% per annum which note was secured by a mortgage on real estate, "* * * free and clear of all encumbrances whatsoever except for a first mortgage to the Hub Federal Savings & Loan Assn., dated April 27, 1964 * * *." On November 18, 1965, a creditors' petition for involuntary bankruptcy was filed against said Ross B. Hollingsworth who filed on November 30, 1965 his answer, raising certain defenses and seeking dismissal. On December 3, 1965 the alleged bankrupt filed an application for permission to complete a sale of the real estate against which the aforementioned mortgages were liens, pursuant to a contract for $40,000 entered into on October 31, 1965. On December 8, 1965 the entire proceedings were by Judge Underwood of this court (now retired) referred jointly to Referee G. H. Butt (also now retired) and the undersigned. On December 10, 1965 Referee Butt entered an order granting the application to complete the sale and directing the disbursement of the proceeds, with the *caveat* "* * * that the sum of $6,800, said monies being purportedly due on the mortgage to Columbus Finance, Inc., be held in escrow until further order of this court." The order entered bears endorsed approval by the attorney for the brankrupt and by attorneys for each of the petitioning creditors. (It is not approved by anyone on behalf of Columbus Finance, Inc., and it does not appear how the sum $6,800 was computed, nor what question was raised necessitating the addition of the above-quoted *caveat*.) On December 13, 1965 a notice was issued calling a hearing upon the creditors' petition and upon the answer of the alleged bankrupt for December 17, 1965. On December 17, 1965 the alleged bankrupt filed an amended answer, the issues were tried and submitted. On January 10, 1966 an order of adjudication in bankruptcy was entered by Referee Butt. On January 17, 1966 an order was entered by Referee Butt "* * * on oral application of Gene W. Thompson, attorney for Columbus Finance, Inc., to reconsider the order of this court entered herein on the 10th day of December, 1965 * * *." By this order, Referee Butt authorized the posting of a surety bond in the amount of $6,800 "* * *

to any trustee to be appointed in this proceeding to guarantee its ability to refund to any such trustee said sum of $6,800 in the event that its mortgage * * * is not a valid mortgage * * *'' and ordered the Ohio National Bank (holding the real estate sale proceeds) to distribute in accordance with the order of December 10, 1965 plus payment to Columbus Finance, Inc., "* * * on its second mortgage lien, the sum of $6,800 upon its releasing such mortgage lien * * *." (This order bears the endorsed approval of Gene W. Thompson, attorney for Columbus Finance, Inc.; it does not bear approval of other attorneys in the case, nor does it appear in this order how the sum of $6,800 was computed.) Thereafter, the trustee filed the application now under consideration, seeking a refund of the $6,800 paid to Columbus Finance, Inc.; a show cause order issued; and on January 5, 1967 an answer to show cause order was filed by Columbus Finance, Inc., and Travelers Indemnity Company (the surety).

By their brief, counsel for the trustee have withdrawn the previous contention of the trustee that the mortgage of Columbus Finance, Inc., was defectively executed. Accordingly, they assert there remain but two issues, which they have stated as follows:

I. Is a loan in excess of two thousand dollars ($2,000) made by a small loan licensee upon which it charges or receives charges or interest in excess of eight per cent (8%) simple interest per annum void?

II. Is a real estate mortgage taken as security for a loan by a licensee under the Small Loan Act void?

Question No. I as posed by counsel for the trustee, in all probability requires an affirmative answer. As argued by counsel, Section 1321.15, Revised Code, inferentially permits a licensee, as defined in the Small Loan Act, to make loans in excess of $2,000. If a licensee does so it may not charge or receive interest in excess of that permitted to nonlicensees, which maximum permissible rate is 8% per annum under Section 1343.01, Revised Code. Charging or receiving more, either directly or indirectly, is prohibited by Section 1321.15, Revised Code, but such statute does

not itself contain a sanction for violation of the section. It would seem, as counsel for the trustee contend, that the sanction imposed by Section 1321.13 (E), Revised Code, must be held applicable to any loan in excess of $2,000.00 because a rate limitation is imposed upon licensees by Section 1321.15, Revised Code, and such section is unquestionably included in the language of Section 1321.13 (E), Revised Code. The sanction of Section 1321.13 (E), Revised Code, and the conditions upon which it applies are as follows: "If any amount in excess of the charges permitted by Sections *1321.01 to 1321.19, inclusive*, Revised Code, is charged, contracted for, or received * * * the contract of the loan is void and the licensee has no right to collect or receive or retain any principal, interest or charges." (Emphasis added.) It seems to me, counsel for the trustee have properly construed the statutes in question and that their legal argument is well-made.

However well-established the legal argument, it can only apply to this case, if the facts warrant. Clearly, Columbus Finance, Inc., is a licensee restricted in lending transactions by the law above reviewed. It did make a loan in excess of $2,000.00 to the bankrupt. Therefore, the question is: Did Columbus Finance, Inc., charge, contract for, or receive interest in excess of 8% per annum? If it did, the loan is void and it has no right to collect or receive or retain any principal, interest or charges. If it did not, then the legal argument so well-presented by trustee's counsel simply does not apply.

The chronology set out at the beginning of this opinion provides the answer. First of all, Columbus Finance, Inc., did not contract for excessive interest. The note (joint exhibit "A") provides for interest at 8% per annum, the legal permissible maximum. Trustee's counsel contend that Columbus Finance, Inc., received charges for interest in excess of 8% per annum. The facts do not bear out this contention. It must be remembered that the order of December 10, 1965 was entered by approval of attorneys representing parties other than Columbus Finance, Inc., and nothing was, in fact, then paid to Co-

lumbus Finance. Nothing was, in fact, paid it until after the order of January 17, 1966. By that date, as pointed out in the brief of Mr. Thompson, the unpaid principal plus accrued interest at 8% totalled $6,820.59. Columbus Finance, Inc., settled its account for $6,800.00 the amount previously set forth in the order of December 10, 1965. The roundness of the figure $6,800.00 contained in the order of December 10, 1965 suggests that it was an estimate only. This is bolstered by the inclusion in the order of the provision that $77.82 be held as ''Escrow—Completion of Items.'' In summary, the facts do not warrant the conclusion that the trustee has sustained his burden of proving that Columbus Finance, Inc., received interest in excess of that permitted it as a small loan licensee under Section 1321.15, Revised Code. Therefore, the sanction of Section 1321.13 (E), Revised Code, does not apply.

Question No. II, as posed by counsel for the trustee, requires a negative answer. They contend that Section 1321.12, Revised Code, requires that the mortgage of Columbus Finance, Inc., be declared void because of the language contained in that section, as follows: ''No licensee shall take a lien upon real estate as security for any loan made under such sections except such lien as is created upon the filing or recording of a certificate of judgment.'' But, this loan was not made under the Small Loan Act sections. It was made pursuant to its general corporate powers as set forth in its Articles of Incorporation. The thrust of Section 1321.15, Revised Code, on the situation was that, being a licensee, it could not charge more than 8% on the loan which was in excess of $2,000.00. The thrust of Section 1321.12, Revised Code, is that a licensee may not take real estate mortgages as security for loans under $2,000.00 upon which such licensees are permitted to charge higher rates than can nonlicensees, that is, upon loans made under the Small Loan Act sections.

The same question was raised and decided in favor of the Small Loan licensee in another case presently pending in this court. Columbus Finance, Inc., was also

the mortgagee in that case. In deciding the question Referee Anderson of Dayton, sitting by designation in Columbus, stated as follows:

"A corporation licensed and controlled by the state of Ohio for the purpose of granting loans under the Small Loan Act, and thereby excepted from usury laws as to loans not exceeding $2,000.00, is not precluded from exercising general corporate powers to grant loans in excess of the $2,000.00 small loan limitations, and may accept real estate mortgages as security on such loans. *In re Frontier Ranch, Inc.*, No. 37776, S. D. Ohio (Opinion dated August 10, 1967).

Although the facts were different in that case, the legal conclusion is applicable to this case and I agree with Referee Anderson. No consideration is given, nor need it be, to Sections 1321.51 to 1321.60, inclusive, Revised Code, which sections were enacted after the mortgage now in question was given. I find that the mortgage in issue was valid and that payment thereon by way of settlement in the amount of $6,800.00 was proper and necessary.

Based upon the foregoing opinion, findings and conclusions, it is therefore

ORDERED that the trustee's application should be and it hereby is denied; that Columbus Finance, Inc., and its surety, Travelers Indemnity Company, respectively, be and they hereby are released from any claim by the trustee and/or this bankrupt estate growing out of the factual situation herein set forth; and that the bond in the amount of $6,800.00 upon which Columbus Finance, Inc., is the principal and Travelers Indemnity Company is surety, be and it hereby is cancelled and released, effective this date.